Jackson *vs.* The State of Georgia.

ROBERT JACKSON, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Deceased was shot on Tuesday night and died Saturday following. During his illness on Friday and previously, he said he was " certain to die," and then said defendant shot and killed him, stating some of the circumstances. The court admitted the statements, and instructed the jury that it was for them to say whether they were dying declarations made in the article of death :

*Held*, that the court ruled correctly.

Jackson *vs.* The State of Georgia.

2. When, in addition to these dying declarations, there is other direct testimony to the crime, and this testimony and other circumstances show defendant's guilt:

*Held*, that the evidence is ample to sustain the verdict.

Criminal law. Evidence. Dying declarations. New trial. Before Judge PATE. Dooly Superior Court. September Term, 1875.

Reported in the opinion.

GUERRY & SON; GEORGE V. BUSBEE, for plaintiff in error.

ROLLIN A. STANLEY, solicitor general, by JOHN MILLEDGE, for the state.

JACKSON, Judge.

The defendant was indicted for murder and found guilty. He moved for a new trial on two grounds; first, because the court erred in admitting statements of deceased as dying declarations; and secondly, because the verdict is without evidence and against the evidence. The court refused the new trial and defendant excepted, and brought the case here.

1. Were the statements properly ruled in as dying declaration? There can be no doubt that deceased thought he would die. He said so to the two persons who testified to his statements. He said "he was certain to die," and called upon the Lord to have mercy upon him. He was shot on Tuesday night and died the next Saturday. Some of the statements were made Friday; others at an earlier period; but when made each time he said he felt he would die. The court ruled the sayings in, but instructed the jury that it was for them to say, under the facts, whether they were made "*in articulo mortis*," and to pass upon them in the light in which they viewed them, whether in the article of death or not. We think their admission and this instruction right: Code, section 3781; 11 *Georgia Reports*, 353.

2. In regard to the second point, we think that the testi-

mony is abundant to show his guilt.   Independently •f the dying declarations, one witness swears that he saw the defendant shoot.   He was keeping deceased's wife; had been shot about it himself a short time before, and not only the direct evidence but all the circumstances show that he waylaid deceased and deliberately shot him down from ill-will and malice.

Let the judgment be affirmed.